UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PATRICK SCHIPPERT,

    Plaintiff,

v.                                                         Case No:   6:15-cv-661-Orl-40TBS

OMG MH HOLDINGS, LLC, TK
UNIVERSITY PUB, LLC and TK IDRIVE
PUB, LLC,

    Defendants.

## REPORT AND RECOMMENDATION

    This case comes before the Court *sua sponte*.   Plaintiff Patrick Schippert alleges that Defendants OMG MH Holdings, LLC, TK University Pub, LLC, and TK IDrive Pub, LLC failed to pay him overtime wages in violation of the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) *et seq*. (Doc. 1).   Defendants were served, failed to respond, and Clerk's defaults were entered against all of them (Docs. 12-14, 16).

    A lawyer who has not appeared in the case has informed Plaintiff's attorney that Plaintiff and Defendants settled this dispute without the assistance of counsel (Doc. 18, ¶ 3).   The attorney has produced a copy of a signed settlement agreement (Doc. 18-1), and told Plaintiff's lawyer that Defendants are prepared to pay his costs (Hearing, November 5, 2015).   Plaintiff's attorney has attempted to discuss the alleged settlement with his client but, Plaintiff has not accepted or returned counsel's telephone calls, or responded to multiple letters (Id.).

    On October 6, 2015, the Court entered a rule to show cause why the case should not be dismissed for want of prosecution because after obtaining the defaults, Plaintiff

has not applied for the entry of default judgment (Doc. 17). Plaintiff's counsel states that he cannot file a motion for default judgment without an affidavit from his client, which he has been unable to obtain (Id.). The attorney also states that he has contacted the Florida Bar, and has been told that he cannot voluntarily dismiss the case without his client's consent (Doc. 18, ¶ 9).

On November 5, 2015, I held a status hearing at which only the attorney for Plaintiff appeared. We discussed the situation and interestingly, counsel volunteered that the amount of the settlement ($1,501.94) appears to be reasonable (Hearing, November 5, 2015). At the hearing, Plaintiff's attorney asked the Court for assistance in determining how to proceed. I informed counsel that I would be filing this report and recommendation, and he stated that he had no objection to it (Id.).

Based upon Plaintiff's apparent execution of a settlement agreement, and termination of communication with his attorney, I find that he has abandoned the case. I also find that pursuant to and consistent with the Court's order to show cause, this case is subject to dismissal for lack of prosecution. I am troubled that the parties appear to have resolved the case in contradiction of the requirements of the FLSA and Lynn's Food Stores, Inc. v. U.S., 679 F.2d 1350, 1353 (11th Cir. 1982). But, if the parties are not interested in participating in this proceeding, then I am not persuaded that the Court should press the issue. If Plaintiff decides to bring a new lawsuit against Defendants then whatever court has that case can decide whether the current settlement agreement is enforceable.

Now, I respectfully recommend that the Court dismiss this case without prejudice, based upon Plaintiff's failure to prosecute, and abandonment of the action.

A party waives the right to challenge on appeal a finding of fact or conclusion of

law adopted by the district judge if the party fails to object to that finding or conclusion within fourteen days after issuance of the Report and Recommendation containing the finding or conclusion.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on November 5, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record
    Any Unrepresented Parties